106 F.3d 309
 97 Cal. Daily Op. Serv. 902, 97 Daily Journal
D.A.R. 1323
UNITED STATES of America, Plaintiff-Appellee-Cross-Appellant,
v.
Jose Orlando LOPEZ, Defendant-Appellant-Cross-Appellee.
 Nos. 95-10366, 95-10394.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 17, 1997.
Decided Feb. 7, 1997.
 
 William L. Osterhoudt, Law Offices of William L. Osterhoudt, San Francisco, CA, for defendant-appellant-cross-appellee.
 Albert S. Glenn, Assistant United States Attorney, San Francisco, CA, for plaintiff-appellee-cross-appellant.
 Appeals from the United States District Court for the Northern District of California, Marilyn H. Patel, District Judge, Presiding. D.C. No. CR-89-00687-MHP.
 Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.
 LAY, Circuit Judge:
 
 
 1
 In December 1989, defendant Jose Orlando Lopez was indicted for conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. § 846, distribution of cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2. The district court originally dismissed the five-count indictment, finding that the government had engaged in misconduct by entering into plea negotiations with Lopez in the absence of his attorney. This court reversed the dismissal, determining it to be an inappropriate remedy. United States v. Lopez, 4 F.3d 1455, 1464 (9th Cir.1993).
 
 
 2
 In March 1995, a jury found Lopez guilty on all five counts. In September 1995, the district court sentenced Lopez to 135 months in custody. In imposing this sentence, the district court departed downward three levels because of the prejudice to Lopez which resulted from the government's conduct. The court also refused Lopez's requests for a downward departure for sentencing entrapment and a downward departure for post-arrest general rehabilitation. Lopez appeals the court's refusal to depart, and the government cross-appeals the court's downward departure.
 
 Lopez's Appeal
 
 3
 A district court's sentencing decisions are reviewed for abuse of discretion. Koon v. United States, --- U.S. ----, ----, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996). When the decision is a refusal to depart, and the refusal is an exercise of the court's discretion, the decision is unreviewable on appeal. United States v. Ruelas, 96 F.3d 1324, 1328 (9th Cir.1996) (citing United States v. Eaton, 31 F.3d 789, 792-93 (9th Cir.1994)).
 
 
 4
 First, Lopez argues the district court refused to depart for post-offense rehabilitation because it believed it lacked the authority to do so. While the district court discussed the case law in this area, it ultimately concluded that it did not find a "compelling reason" to depart downward on the basis of post-offense rehabilitation. Sentencing Tr., August 7, 1996, at 39. It appears the court's ruling was discretionary, rather than a ruling that post-offense rehabilitation is an impermissible ground for departure. Therefore, this court will not review the district court's determination. See Ruelas, 96 F.3d at 1328.
 
 
 5
 Lopez also argues the district court misunderstood the law of this circuit on the sentencing entrapment issue. Specifically, he urges that the court failed to apply the factors set forth in United States v. McClelland, 72 F.3d 717 (9th Cir.1995). In McClelland, we noted that "the amount of inducement, the level of reluctance on the defendant's part, and who acted first should all be relevant factors for the district court to weigh" in deciding whether a departure is warranted on the ground of sentencing entrapment. Id. at 726 n. 5 (emphasis in original). McClelland was decided after the sentencing hearing in this case. While the court did not specifically walk through the McClelland factors, it analyzed the issue and determined that Lopez "did not show any reluctance to come forward with" the amount of cocaine and heroin the government suggested. Sentencing Tr., August 7, 1996, at 40. The court's decision on the sentencing entrapment issue was not based on a misunderstanding of the law, and thus we cannot conclude the court abused its discretion in declining to depart downward on that basis.
 
 The Government's Cross-Appeal
 
 6
 The government appeals what it characterizes as the district court's three-level downward departure for governmental misconduct. A reading of the sentencing transcript makes clear, however, that the district court assumed it could not depart downward for governmental misconduct. See Sentencing Tr., August 8, 1995, at 59 ("[N]or may the government be punished for that conduct as a means of ... having [it] incorporated into the sentence."). Rather, it instituted a downward departure due to prejudice Lopez suffered as a result of the government's conduct.
 
 
 7
 District courts may depart from the applicable Sentencing Guideline range if "the court finds that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Under Koon, a departure is permitted if the case is "unusual enough for it to fall outside the heartland of cases in the Guideline." --- U.S. at ----, 116 S.Ct. at 2046. As a result of the government's conduct, Lopez's opportunity for full and fair plea negotiations was seriously affected. The district court noted that "although it cannot be determined what the result of those negotiations might have been, it is clear that he reasonably believed he had no choice but to go to trial." United States v. Lopez, No. CR-89-0687, slip op. at 5 (N.D.Cal., Sept. 6, 1995). The prejudice Lopez encountered as a direct result of the government's conduct was, in our view, significant enough to take this case out of the heartland of the Guidelines. See Lopez, 4 F.3d at 1464-67 (Fletcher & Nelson, JJ., concurring) (detailing the prejudice to Lopez). Therefore, the district court's three-level departure was not an abuse of discretion. The district court's judgment is AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation