114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro Aguon AGUERO, Defendant-Appellant.
 No. 96-10084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided May 22, 1997.
 
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 First, Aguero challenges the amount of methamphetamine the district court used in determining Aguero's offense level.[1] Aguero claims he is only responsible for the .477 gram which he possessed when he was arrested. The district court used the eight ounces which Aguero thought he was receiving from Cambra. We review de novo the district court's interpretation of the Guidelines. United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996).
 
 
 3
 We conclude that the district court acted properly. In a "reverse sting, the agreed-upon quantity of the controlled substance" should be used to determine the offense level "because the amount actually delivered is controlled by the government, not by the defendant." U.S.S.G. § 2D1.1, comment. (n. 12). Here, the district court explicitly found that, on the day of the reverse sting, Aguero agreed to buy 222 grams (approximately eight ounces) of methamphetamine. This factual determination is not clearly erroneous; in fact, it is amply supported by the record. The district court did not err in calculating Aguero's base offense level.
 
 
 4
 Second, Aguero appeals from the district court's refusal to give an entrapment instruction. We review the district court's decision that an entrapment instruction was not warranted by the evidence for abuse of discretion. United States v. Duran, 59 F.3d 938, 940-41 (9th Cir.), cert. denied, 116 S.Ct. 535 (1995).
 
 
 5
 Because there was no evidence showing that Aguero was not predisposed, the district court did not abuse its discretion when it refused to give the requested instruction. United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991) (entrapment instruction proper only where there is "some evidence" of both inducement and lack of predisposition). The factors cited by Aguero in support of his claim that he was not predisposed are either unsupported by the evidence or irrelevant to the predisposition inquiry. In fact, the evidence overwhelmingly demonstrated that Aguero was predisposed to possess with intent to distribute methamphetamine.
 
 
 6
 Third, Aguero attacks the district court's refusal to depart downward for sentencing entrapment. We review the district court's refusal to depart on the basis of sentencing entrapment for abuse of discretion. United States v. Lopez, 106 F.3d 309, 310-11 (9th Cir.1997). We review the findings of fact underlying the sentencing decision for clear error. Robinson, 94 F.3d at 1327; 18 U.S.C. § 3742(e).
 
 
 7
 The district court did not abuse its discretion in finding that there was no factual basis to support a downward departure for sentencing entrapment under the specific criteria set forth in the Guidelines. See U.S.S.G. § 2D1.1, comment. (n. 15).
 
 
 8
 Aguero has failed to show that the price set by the government was substantially below market value and that the price set by the government caused him to buy more than he could have afforded otherwise. United States v. Naranjo, 52 F.3d 245, 250 (9th Cir.1995) (defendant bears burden of proof as to factual elements necessary to justify departure for sentencing entrapment).
 
 AFFIRMED.[2]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because the parties are familiar with the facts of the case, we find it unnecessary to recite them
 
 
 [2]
 The government appears to challenge the district court's application of a three-level reduction of the base offense level under U.S.S.G. § 2X1.1. We do not consider this issue, however, because the government has not filed a cross-appeal. See 18 U.S.C. § 3742(b) (authorizing government appeal from sentence resulting from incorrect application of Guidelines)