141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Antonio Rafael MONTERO-MORLOTTI, Defendant-Appellant.
 No. 97-10247.
D.C. No. CR 96-00219-LDG.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 9, 1998**.
Decided Mar. 11, 1998.
 
 1
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, District Judge, Presiding.
 
 
 2
 Before KOZINSKI and LEAVY, Circuit Judges, and WEINER,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendant was convicted of two counts of distribution of controlled substance in violation of 21 U.S.C. § 841(a)(1). He received a sentence of 151 months. He appeals his conviction and sentence. We affirm.
 
 
 5
 Defendant first argues that he is entitled to an acquittal because he was entrapped as a matter of law. To justify acquittal, defendant must point to undisputed evidence that an otherwise innocent person was induced to commit the illegal act by government agents. United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992).
 
 
 6
 The existence of entrapment is ordinarily a question of fact for the jury. United States v. Lessard, 17 F.3d 303, 305 (9th Cir.1994). Defendant requested and received a jury instruction on entrapment and the jury found defendant guilty. Defendant never requested that the district court decide the issue of entrapment as a matter of law. When a defendant raises an issue on appeal that was not raised before the district court, the court of appeals may review for plain error. See Fed.R.Crim.P. 52(b); United States v. Perez, 116 F.3d 840, 846 (9th Cir.1997) (en banc).
 
 
 7
 There are two elements to the defense of entrapment: (1) government inducement of the crime, and (2) the absence of predisposition on the part of the defendant. United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994), cert. denied, 513 U.S. 1171, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995). Though the government may have induced the drug transactions, the predisposition prong of this inquiry was not met. In evaluating predisposition, a reasonable jury could have concluded that defendant was predisposed to distribution of drugs. There was testimony that, far from being reluctant to interact with the undercover agent, defendant repeatedly was willing to deliver crack cocaine and assured the agent that he could make regular deliveries. We will not disturb the jury's credibility determinations. The two different versions of key events preclude a determination that, as a matter of law, the government entrapped the defendant. Id.
 
 
 8
 Defendant next argues that the district court erred in instructing the jury on entrapment. Defendant did not object to the instruction in the district court, therefore we review for plain error. United States v. Henson, 123 F.3d 1226, 1234 (9th Cir.1997).
 
 
 9
 Defendant argues that the entrapment instruction is similar to the instruction given in United States v. Mkhsian, 5 F.3d 1306 (9th Cir.1993) which resulted in a reversal under a plain error review. The instruction in Mkhsian failed to state that the government must show evidence of predisposition before any contact with the law enforcement. This issue arose because the law regarding entrapment changed while the appeal in Mkhsian was pending. Therefore, although no objection was raised, the conviction was reversed because the jury instruction omitted an essential element of the defense of entrapment. Id. at 1311.
 
 
 10
 The instruction in this case has no such flaw. The instruction stated, in relevant part, that the government must prove "that the defendant was predisposed to commit the crime before being contacted by government agents, or that the defendant was not induced by government agents to commit the crime." The instruction correctly describes the predisposition element and was not in error. See United States v. LaRizza, 72 F.3d 775, 778 (9th Cir.1995).
 
 
 11
 Defendant next argues that the district court erred in not granting an adjustment in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Because no objection was made to the sentence determination, we review for plain error. United States v. Valencia, 15 F.3d 149, 151 (9th Cir.1994).
 
 
 12
 Because the record in this case is devoid of any evidence of cooperation, remorse, contrition, or acceptance of responsibility, defendant's argument fails. See Davis, 36 F.3d at 1436.
 
 
 13
 Defendant lastly argues that he qualified for a downward departure based upon evidence of imperfect entrapment. The district court's discretionary decision not to depart downward for sentencing entrapment is not reviewable on appeal. United States v. Lopez, 106 F.3d 309, 310 (9th Cir.1997); United States v. Lopez-Cavasos, 915 F.2d 474, 476 (9th Cir.1990) (aside from the fact that a downward departure had not been requested at district court, the issue is unreviewable on appeal).
 
 
 14
 The conviction and sentence are AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Charles R. Weiner, United States Senior District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3