UNITED STATES of America, Plaintiff–Appellee,

v.

Eric Jason VALDEZ, Defendant– Appellant.

No. 00–50308.

D.C. No. CR 99–771–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 1, 2001.

---

Before FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Eric Jason Valdez appeals his jury-trial conviction and 121–month sentence for seven counts of drug trafficking under 21 U.S.C. § 841(a)(1). Valdez contends that the district court erred by: (1) failing to submit the issue of drug quantity to the jury; (2) failing to adequately instruct the jury on the issue of entrapment; (3) denying his motion for acquittal; and (4) denying his motion for a reduction based upon sentencing entrapment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I.

Valdez contends that the district court erred under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by failing to instruct the jury that it must determine the drug quantity involved in each count. Because Valdez interposed no objection to the sentencing court's determination of the amount of drugs, we review the issue under the plain error standard. *United States v. Nordby,* 225 F.3d 1053, 1059–60 (9th Cir.2000).

██ Valdez was sentenced to 121 months based on the amount of methamphetamine involved in the offense; his sentence was not affected by the additional amounts of cocaine or marijuana. The statutory maximum penalty for an unspecified amount of methamphetamine is twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Because Valdez received less than the twenty-year prescribed statutory maximum to which he was subject under the facts as found by the jury, his *Apprendi*-based claim must fail. *See United States*

*v. Garcia–Guizar,* 234 F.3d 483, 489 (9th Cir.2000), *cert. denied,* — U.S. ——, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001); *United States v. Garcia–Sanchez,* 238 F.3d 1200 (2001).

To the extent Valdez separately argues that *Apprendi* prohibits the increase of the prescribed *minimum* statutory penalty to which a defendant is exposed, his contention is foreclosed by our decision in *United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001) (rejecting *Apprendi*-based challenge to 121 month sentence and explaining that "*Apprendi* dealt with the consideration of facts in sentencing enhancement beyond the statutory *maximum.* In the instant case, the sentence imposed was nine years and eleven months *below* the statutory maximum"), *cert. denied,* — U.S. ——, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

### II.

Valdez next contends that the trial court committed plain error when it failed to include the question of quantity in its entrapment instructions to the jury. Because Valdez failed to object to the court's entrapment instructions, we review the issue under the plain error standard. *See United States v. Baron,* 94 F.3d 1312, 1316 (9th Cir.1996).

██ Valdez's specific argument is that under *Apprendi* and its progeny, the jury must now also determine the type and quantity of drugs that the defendant was *predisposed* to deliver or possess. This court has not addressed the issue of sentencing entrapment in light of *Apprendi.* However, even assuming that sentencing entrapment is an issue that should be sub-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

mitted to the jury, Valdez cannot establish plain error.

Under the instructions given by the trial court, the jury *did* find that Valdez was not entrapped with regard to each type of drug. The general entrapment instructions combined with the court's directive that the jury must find the defendant was not entrapped *with regard to each count* point to such a conclusion. *See United States v. Olano,* 507 U.S. 725, 740, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (explaining that it is presumed that jurors follow the instructions given to them). Moreover, the verdict forms indicating guilt for each count specifically list the controlled substance in question. Although Valdez may have preferred a pinpoint instruction stating that evidence indicating a predisposition to deliver marijuana does not establish predisposition to engage in transactions involving cocaine or methamphetamine, the jury was not prevented from coming to such a conclusion under the instructions given by the trial court. Furthermore, there is no law suggesting that such a cross-typing argument—even in the context of sentencing entrapment—is a viable one.[1]

Nor can Valdez establish plain error with regard to the jury's failure to make findings regarding the specific quantity of drugs he was predisposed to either deliver or possess. Throughout the entire course of proceedings Valdez never contested the *quantity* of drugs he was predisposed to deliver, but instead argued that he was entitled to a reduction in sentence because the evidence showed only a predisposition to deliver marijuana, not cocaine or methamphetamine. *See Nordby,* 225 F.3d at 1061 & n. 6 (concluding that plain *Apprendi* error was established where defendant vigorously contested quantity of drugs throughout sentencing proceedings and raised evidence "sufficient to support a contrary finding").

### III.

Valdez contends that the evidence presented at trial established entrapment as a matter of law. We review de novo an entrapment claim, when asserted as a matter of law. *See United States v. Tucker,* 133 F.3d 1208, 1214 (9th Cir.1998).

When an entrapment defense is submitted to and rejected by the jury, we will reverse the jury's determination if, "viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the government had disproved either of the elements of the entrapment defense." *See United States v. Poehlman,* 217 F.3d 692, 698 (9th Cir.2000). "It is inappropriate for an appellate court to determine whether a defendant was entrapped when such a determination would necessarily entail choosing between conflicting witnesses and judging credibility." *See Tucker,* 133 F.3d at 1217 (internal quotations omitted).

Valdez's argument rests upon the fact that the government was initially unsuccessful in obtaining drugs from Valdez during the nine months and over 65 conversations Valdez had with cooperating in-

---

**1.** Valdez also appears to make an *Apprendi*-based challenge to that portion of the jury instructions which stated that it did not matter whether Valdez *knew* the type of substance he distributed *as long as he knew it was some kind of prohibited drug.* However, even if we were to assume that *Apprendi* undermines the validity of this type of instruction, Valdez could not establish plain error here as the evidence could not reasonably support a mistake-of-fact defense. *Cf. United States v. Ramirez–Ramirez,* 875 F.2d 772, 773–74 (9th Cir.1989)(Border patrol agents discovered cocaine packages in secret compartment underneath defendant's truck; defendant claimed he believed the packages contained marijuana).

formant McKittrick. However, McKittrick testified that the reason Valdez would not engage in any further transactions with him was due to his outstanding $40,000 debt from prior dealings. McKittrick's testimony was corroborated by Agent Davis who testified that during his first meeting with Valdez, Valdez brought up McKittrick's debt and stated that it was creating a problem between him and his organization in Mexico. Finally, the fact that Valdez provided Agent Davis with three samples of methamphetamine within five days of meeting with Davis supports the testimony that Valdez's reluctance in dealing with McKittrick was due to his outstanding debt.

■ Valdez presented no evidence contradicting the foregoing testimony, but now argues that any testimony regarding a drug debt between McKittrick and Valdez was "nonsensical by its own right" and that the government's evidence was "either unbelievable or not evidence of pre-inducement disposition at all." In essence, Valdez is asking us to engage in the impermissible act of judging the credibility of trial witnesses. *See Tucker,* 133 F.3d at 1216. In the absence of any inherent inconsistencies or objective evidence to contradict the witnesses' testimony, we will not disregard testimony that supports the jury's verdict. *See id.; cf. Anderson v. City of Bessemer,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (setting out limited circumstances under which an appellate court will not defer to credibility findings).

## IV.

Valdez contends that the district court erred by refusing to reduce his sentence on the grounds of sentencing entrapment. This contention lacks merit.

■ We review (1) de novo the district court's interpretation of the Sentencing Guidelines, (2) for abuse of discretion its application of the Guidelines, and (3) for clear error its findings of fact underlying the sentencing decisions. *See United States v. Robinson,* 94 F.3d 1325, 1327 (9th Cir.1996). When the decision is based upon a refusal to depart, and that refusal is an exercise of the court's discretion, the decision is unreviewable on appeal. *United States v. Lopez,* 106 F.3d 309, 310 (9th Cir.1997).

At the outset of Valdez's sentencing hearing, the trial court stated that it had read the parties' moving papers and issued the following tentative ruling concerning Valdez's sentencing entrapment claim:

> "With regard to your request that I depart for either sentencing entrapment or imperfect entrapment, those defenses were rejected by the jury and I see no reason to disagree with the jury's verdict in this matter."

Following the parties' arguments on the matter, the court added this statement in support of its conclusions:

> "I listened to the conversations. And if you were puffing, you were pretty good at it, because you had code names that most people would never know of . . . ."

■ Valdez argues that in stating the jury had rejected his claims, the court was mistaken because the jury never made any findings with regards to *sentencing* entrapment. However, as explained above, although the jury made no findings as to the quantity of drugs Valdez was predisposed to deliver, it found that he was not entrapped with regards to each separate type of drug he distributed or possessed for distribution. Given that Valdez's sentencing entrapment claim was solely premised on his assertion that there was no evidence to show he was predisposed to deal methamphetamine or cocaine, the court's characterization of the jury's findings cannot be construed as a misstatement of the law. *See Lopez,* 106 F.3d at

310–11. The court's reliance on those findings, along with its statements regarding his use of code names for the substances, were more than sufficient to demonstrate that it neither clearly erred nor improperly exercised its discretion with regard to Valdez's claim of sentencing entrapment. *See id. at* 311 (sentencing court's rejection of entrapment upheld based on its determination that defendant "did not show any reluctance to come forward with the amount of cocaine and heroin the government suggested") (internal quotations omitted); *cf. United States v. Riewe*, 165 F.3d 727, 728 (9th Cir.1999) (remanding for further findings where court's rejection of sentencing entrapment was solely based upon statement that "the presentence report correctly calculated the sentencing guidelines . . . for the conduct involved").

AFFIRMED.