**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rutilio GARCIA–SANCHEZ,
Defendant–Appellant.**

**No. 00–30125.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 21, 2000.[1]

Filed Jan. 23, 2001.

Lana C. Glenn, Spokane, Washington, for the defendant-appellant.

Timothy J. Ohms, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a)(2).

Before: GOODWIN, REAVLEY,[2] and McKEOWN, Circuit Judges.

GOODWIN, Circuit Judge:

Garcia–Sanchez was convicted of conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846 and sentenced to 121 months in prison. He previously appealed both his conviction and sentence. We affirmed the conviction but reversed and remanded for resentencing. *See United States v. Garcia–Sanchez,* 189 F.3d 1143 (9th Cir.1999). In this second appeal following resentencing, Garcia–Sanchez asserts that the district court erred, on remand, in attributing to him the amount of drugs sold by the conspiracy, and other sentencing errors. We affirm.

At sentencing, the court heard testimony of three government witnesses plus that of Garcia–Sanchez on the drug sales operation based in the trailer of Lawrence Bertolino. The government introduced substantial evidence, which was subject to cross examination. The district court found more than enough evidence of Garcia–Sanchez's participation and of the volume of sales necessary to support the original sentence, and reimposed that sentence after a full evidentiary hearing and full review of the relevant sentencing guidelines.

■ The sentencing court gave the defendant the benefit of every doubt, and reduced the arithmetical numbers in his favor by twenty percent in order to take into account any possible defects in the memory of the witnesses. Even with the reduction, there was more than enough evidence to support the maximum guideline sentence, yet the district court imposed a sentence at the lower end of the guideline. There was no error in the fact-finding process by which the court calculated the volume of the drug trafficking in which the defendant participated.

■ On the legal issues, the second appeal attempts to reargue a point that we rejected on the merits in the first appeal and that is barred now by res judicata. The opinion in the first appeal affirmed the conviction and the sentencing court's denial, on the merits, of the defendant's claim that he was a minor participant. *See Garcia–Sanchez,* 189 F.3d at 1150. As a matter of fact, next to the ring leader of the conspiracy, this defendant was as important a functionary in the whole enterprise as anyone connected with it.

■ Finally, the second appeal seeks an initial review and decision on whether the minimum guideline sentence, which exceeded the ten year mandatory statutory minimum by one month, requires a new trial with new jury instructions, according to the defendant's reading of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). While this question was not presented to the district court, *Apprendi* has no application here. *Apprendi* dealt with the consideration of facts in sentencing enhancement beyond the statutory *maximum.* In the instant case, the sentence imposed was nine years and eleven months *below* the statutory maximum.

AFFIRMED.

2. Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.