**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clifford Lee WILLARD, Defendant–Appellant.**

No. 99–10542.

D.C. NO. CR–97–05039–MDC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided April 24, 2001.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Clifford Lee Willard ("Willard") challenges his sentence and conviction for three counts of transporting a minor with intent to engage in criminal sexual activity and aiding and abetting (18 U.S.C. §§ 2423(a) and 2), and one count of possessing false identification documents (18 U.S.C. § 1028(a)(6)). Because the sentencing judge failed to make explicit factual findings on Appellant's objections to the presentence report as required under Fed. R.Crim.P. 32(c), we remand for resentencing. We affirm the district court on all other issues raised on appeal.

Willard was convicted after a jury trial of transporting a minor with intent to engage in criminal sexual activity. The relevant sentencing guideline is U.S.S.G. § 2G1.2 (1993) (deleted by consolidation with § 2G1.1 effective November 1, 1996), unless the offense involved criminal sexual abuse. A cross-reference in § 2G1.2(c)(2) (1993) provides: "If the offense involved criminal sexual abuse, attempted criminal sexual abuse, or assault with intent to commit criminal sexual abuse, apply 2A3.1." Because Willard's daughter testified that several incidents of molestation involved criminal sexual abuse, the Presentence Report ("PSR") recommended applying section 2A3.1. Willard objected to using this guideline several times, arguing that the testimony regarding criminal sexual abuse was unreliable and therefore section 2A3.1 was not applicable. Willard asserted that the victim's testimony was not corroborated and that it was undermined by the testimony of other witnesses. During the sentencing hearing, Willard reiterated the arguments made in his formal objections and, after hearing from both sides, the district judge stated:

Thank you. Very well, if there is no further arguments, it will be the judgment of the court that you be imprisoned for a term of 168 months as to Count 7 and 120 months as to counts 1, 3, and 5; counts 2, 4 and 6 have been dismissed. And those counts are to be served concurrent. So it is a total term of 168 months.

Fed.R.Crim.P. 32(c)(1) describes the district judge's obligations during sentencing as follows:

At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report.... For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing.

The trial judge did not determine that a finding on Willard's objections was unnecessary. Instead, he relied on the PSR's finding of criminal sexual abuse in applying the offense level from section 2A3.1. Therefore, the district court was required to make an explicit finding on Willard's contention that there was no criminal sexual abuse. *See United States v. Carter,* 219 F.3d 863, 866–67 (9th Cir.2000) ("[R]esolving a defendant's factual objections to the PSR on the record ensures meaningful appellate review of the sentence. For each disputed fact upon which the district court intends to rely in imposing the sentence, the district court must make an explicit factual finding that resolves the dispute.") (citations omitted). We require strict compliance with Rule 32, therefore,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

remand for resentencing is necessary. *See United States v. Herrera–Rojas*, 243 F.3d 1139, 1142–43 (9th Cir.2001).

The government's attempt to circumvent Rule 32(c) by characterizing Willard's objections as purely legal is unconvincing. While it is true that Willard's argument implicates a legal question (i.e., which sentencing guideline should be applied), under the government's logic, every factual dispute at sentencing would be considered a legal question. Willard challenged the PSR's conclusion that his offense involved criminal sexual abuse; whether or not the testimony at trial supported the PSR's conclusion is a factual question that must be resolved by the sentencing judge with explicit findings that ensure meaningful review.

We reject Willard's other arguments on appeal. Assuming that the offense involved criminal sexual abuse, the sentencing judge correctly followed the grouping rules under U.S.S.G. §§ 3D1.4 and 5G1.2. Willard's sentence pursuant to these guidelines is not an upward departure, nor does it violate due process or equal protection. *Cf. United States v. Fine*, 975 F.2d 596, 604 (9th Cir.1992). The sentence does not conflict with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because any enhancement based on criminal sexual abuse did not raise the sentence beyond the statutory maximum. *See United States v. Garcia–Sanchez*, 238 F.3d 1200, 1201 (9th Cir. 2001). Finally, there was sufficient evidence to support Willard's conviction for transporting a minor with intent to engage in criminal sexual activity.

AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR RESENTENCING.