**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge CARRILLO, Defendant–Appellant.**

No. 96–50475.

D.C. No. CR–96–00095–DT–02.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 25, 2001.

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

Jorge Carrillo appeals his guilty plea conviction and ten-year sentence for conspiracy to possess with intent to distribute, and distribution of, methamphetamine in violation of 21 U.S.C. §§ 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.[1]

Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Carrillo contends that (1) he did not knowingly waive his right to have a jury determine the quantity of methamphetamine beyond a reasonable doubt, and (2) the statutory minimum sentence should not have been imposed, because it was based on the amount of methamphetamine. We review for plain error, *United States v. Nordby*, 225 F.3d 1053, 1059–60 (9th Cir. 2000), and find none.

Because Carrillo's ten-year sentence for the methamphetamine conspiracy is below the twenty-year statutory maximum applicable to the smallest amount of methamphetamine, 21 U.S.C. § 841(b)(1)(C), *Apprendi* does not affect this case. *United States v. Garcia–Sanchez*, 238 F.3d 1200, 1201 (9th Cir.2001) (limiting *Apprendi* to sentence enhancements above the otherwise applicable statutory maximum).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. A panel of this court previously granted Carrillo's counsel leave to withdraw, struck his brief filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appointed new counsel, and directed counsel to brief whether *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) invalidated Carrillo's sentence.