**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Ruben CAMOU, Defendant–Appellant.**

**No. 00–50473.**

**D.C. No. CR–99–3686–IEG.**

United States Court of Appeals, Ninth Circuit.

Submitted * June 15, 2001.

Decided July 17, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Kang's motion for appointment of counsel is denied.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WARDLAW, PAEZ and TALLMAN, Circuit Judges.

MEMORANDUM **

Luis Ruben Camou appeals the denial of his motion to suppress evidence and his sixty-month prison sentence with a four-year term of supervised release for conspiracy to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 and 846. We review motions to suppress evidence de novo. *See United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.2000). We review Camou's sentence for plain error because he did not object at sentencing. *See United States v. Johansson*, 249 F.3d 848, 861 (9th Cir.2001). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C § 3742, and we affirm.

Camou contends that: (1) the district court erred by failing to suppress evidence of marijuana in his boat as the product of a search in violation of the Fourth Amendment; (2) his term of supervised release exceeds the statutory maximum in violation of *Apprendi v. New Jersey*, 530 U.S.

---

**530**

466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (3) under *Apprendi*, the district court could not base an increase in the statutory minimum sentence on a fact not proved beyond a reasonable doubt. We reject his contentions as follows:

■ (1) Camou told Coast Guard personnel he was en route from Mexico to the United States, and therefore, the border search exception to the Fourth Amendment applies in this case. *See United States v. Dobson,* 781 F.2d 1374, 1376 (9th Cir.1986). The parties agree reasonable suspicion existed. Reasonable suspicion permits a non-routine border search. *See United States v. Montoya de Hernandez,* 473 U.S. 531, 541, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985). And, in this case, the search was "reasonably related in scope to the circumstances that justified it initially." *Id.* at 542, 105 S.Ct. 3304. The district court did not err in denying Camou's motion to suppress evidence.

■ (2) The district court sentenced Camou to one additional year of supervised release in violation of *Apprendi*. *See United States v. Velasco–Heredia,* 249 F.3d 963, 969 (9th Cir.2001). The error, however, did not affect Camou's substantial rights because it is clear that he did in fact possess the quantity of marijuana found by the district court and because he does not contest the quantity on appeal. *See United States v. Saya,* 247 F.3d 929, 942 (9th Cir.2001).

■ (3) Finally, *Apprendi* does not govern any increase in Camou's statutory minimum sentence. *See United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir. 2001) ("*Apprendi* dealt with the consider-

ation of facts in sentencing enhancement beyond the statutory *maximum.*").

AFFIRMED.