UNITED STATES of America,
Plaintiff—Appellee,

v.

Francisco MENA–FLORES,
Defendant—Appellant.

UNITED STATES of America,
Plaintiff—Appellee,

v.

Adrian Arellano–Zavala, Defendant—
Appellant.

UNITED STATES of America,
Plaintiff—Appellant,

v.

Adrian Arellano–Zavala, Defendant—
Appellee.

Nos. 00–50368, 00–50418, 00–50494.
D.C. No. CR–98–01776–RMB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2001.*

Decided July 31, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before RYMER and RAWLINSON, Circuit Judges, and RESTANI, Judge.[**]

MEMORANDUM [***]

Francisco Mena–Flores appeals his sentence, and Adrian Arellano–Zavala appeals his conviction and sentence for conspiracy to import heroin, aiding and abetting im-

[**] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

portation of heroin, conspiracy to distribute heroin, and aiding and abetting possession of heroin with intent to distribute. Mena–Flores was sentenced to 136 months imprisonment, and Arellano–Zavala was sentenced to 120 months imprisonment. We have jurisdiction, 18 U.S.C. § 3742, 28 U.S.C. § 1291, and affirm in part and vacate and remand in part.

I

■ Mena–Flores argues that his sentence of 136 months imprisonment runs afoul of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000). However, neither applies here, as Mena–Flores was sentenced below the statutory maximum for any quantity of heroin (20 years). *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001).

II

■ Arellano–Zavala asserts that the AUSA's calling him a liar during closing arguments was prosecutorial misconduct. However, there was no plain error because the AUSA's statement was based upon reasonable inferences from the evidence rather than personal opinion. *See United States v. Cabrera,* 201 F.3d 1243, 1250 (9th Cir.2000); *United States v. Nash,* 115 F.3d 1431, 1439 (9th Cir.1997) (holding that "[t]he prosecutor's statement that Nash lied during his testimony is also a proper basis for government argument"); *United States v. Molina,* 934 F.2d 1440, 1445 (9th

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.1991) ("In a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of the two sides is lying.").

## III

■ Arellano–Zavala argues that the government introduced insufficient evidence to overcome his entrapment defense. We "should not disturb the jury's finding unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the government had disproved either of the elements of the entrapment defense." *United States v. Jones,* 231 F.3d 508, 516 (9th Cir.2000). Santiago's response about Arellano–Zavala's "reluctance" was explained and his credibility (as well as Arellano–Zavala's) was resolved by the jury in the government's favor. Beyond this, Arellano–Zavalla talked about drugs and prices during his first conversation with Santiago, told him he had acquaintances who could provide drugs, and seemed eager to make money. This suffices to show that he was not induced by government agents but was in fact predisposed to distribute heroin.

## IV

■ The government cross-appeals Arellano–Zavala's sentence, seeking remand because the district court granted a three-level downward departure for acceptance of responsibility and refused a two-level enhancement for obstruction of justice. We cannot find an explanation for these decisions in the record, and it is difficult for us to reconcile them given the district court's indication that Arellano–Zavala perjured himself and, after having taken his case to trial, only admitted to involvement without apparently accepting responsibility for his conduct. As the commentary suggests, taking a case to trial and committing perjury both appear inconsistent with acceptance of responsibility. *See* USSG § 3E1.1 comment. (nn.2 & 4). Similarly, perjury may constitute an obstruction of justice where the testimony is (1) false, (2) on a material matter, and (3) done with willful intent. *See United States v. Ancheta,* 38 F.3d 1114, 1118 (9th Cir.1994) (citing *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)); USSG § 3C1.1 comment. (n. 4(b)). Therefore, we remand so that the district court may determine whether Arellano–Zavala obstructed justice, making a two-level increase mandatory, or accepted responsibility.

Except for these two adjustments for acceptance of responsibility and obstruction of justice, the sentence is not at issue and need not be revisited on remand. We vacate the sentence only insofar as it pertains to these two adjustments, and remand only for a determination with respect to whether Arellano–Zavala obstructed justice or accepted responsibility. If the court finds that he did accept responsibility, it should also determine by which level his offense level should be decreased.

AFFIRMED in part; VACATED and REMANDED in part.