**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence Jay LEVINE, Defendant–Appellant.**

Nos. 00–50329, 00–50330.
D.C. Nos. CR–98–00864–CRM–1, CR–98–00865–CRM–1.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2001.*

Decided Aug. 15, 2001.

Before HALL, MICHEL,** and TROTT, Circuit Judges.

### MEMORANDUM ***

On December 23, 1998, Levine pleaded guilty to count 1 of indictment CR 98–865, conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and count 2 of indictment CR 98–864, possession of counterfeit securities of an organization in violation of 18 U.S.C. § 513(a). Although the Sentencing Guidelines identified a sentencing range of 87–108 months imprisonment on the drug count, the district court imposed the ten-year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A) for offenses involving 100 grams or more of methamphetamine.[1] Levine was sentenced to 120 months imprisonment on each count, to run concurrently, five years supervised release, and a special assessment of $200. Levine appeals his sentence.

Levine contends: (1) application of the ten-year statutory minimum based on the quantity of methamphetamine was improper under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (2) the district court erred by sentencing him to 120 months on the possession of counterfeit securities count. Because Levine failed to object in the district court to his sentence, we review for plain error, *United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir.2000), and find none.

In *Apprendi*, the Supreme Court held that any fact that increases the penalty for

* This panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Paul R. Michel, United States Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. In 1998, § 841(b)(1)(A) applied to offenses involving at least 100 grams of methamphetamine. The statute has since been amended to apply to offenses involving only 50 grams or more. *See* 21 U.S.C.A. § 841(b)(1)(A)(viii) (1999).

a crime beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. 530 U, 120 S.Ct. 2348.S. at 490. In *Nordby*, this court applied the rule in *Apprendi* to a sentence enhancement under 21 U.S.C. § 841(b) for the quantity of drugs involved in the offense. 225 F.3d at 1058–59. In both *Apprendi* and *Nordby*, the defendants faced penalties beyond the prescribed statutory maximums because of factual findings made by the sentencing courts using the preponderance of the evidence standard. *See Apprendi*, 530 U.S. at 471; *Nordby*, 225 F.3d at 1058–59.

Unlike in *Nordby*, the sentencing judge in this case did not make any finding of fact on the quantity of drugs using the preponderance of the evidence standard. Instead, the court calculated Levine's sentence based solely on those facts to which Levine admitted. Levine stipulated in his plea agreement to sales of methamphetamine in excess of 100 grams.[2] At the change of plea hearing, Levine again admitted to the facts set forth in the plea agreement. The ten-year mandatory minimum sentence thus was based solely on admitted facts. Therefore, there was no constitutional violation.

Moreover, because Levine's sentence of 120 months is below the twenty-year statutory maximum applicable to the smallest amount of methamphetamine, *see* 21 U.S.C. § 841(b)(1)(C), *Apprendi* does not affect his case. *See United States v. Garcia–Sanchez*, 238 F.3d 1200, 1201 (9th Cir. 2001) (limiting *Apprendi*'s application to "consideration of facts in sentencing enhancement beyond the statutory *maxi-*

*mum*") (emphasis in original). Finally, because U.S.S.G. § 5G1.2(b) and (c) instructs courts to impose the total punishment on each count of conviction, with sentences to run concurrently, the district court properly sentenced Levine to 120 months on the counterfeit securities count.

AFFIRMED.

2. The parties stipulated to the following facts in the plea agreement: (1) on June 10, 1998, Levine "sold approximately 27 grams of 29% pure methamphetamine to an undercover agent;" (2) on June 19, 1998, Levine "sold approximately 27 grams of 30% pure methamphetamine;" (3) on July 9, 1998, Levine sold "approximately 450 grams of 31% pure methamphetamine;" and (4) on July 22, 1998, Levine sold "approximately 894 grams of 5% pure methamphetamine." In the "Penalties and Restitution" section of the plea agreement, the parties also agreed that Levine was subject to a sentencing range of ten years to life because his offense involved over 100 grams of methamphetamine.