UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel GASTELUM–LEYVA,
Defendant–Appellant.

No. 00–10634.

D.C. No. CR–98–00524–FRZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2001.

Decided Dec. 3, 2001.

Before PREGERSON, RAWLINSON, Circuit Judges, and WEINER, District Judge.[1]

## MEMORANDUM [2]

Manuel Gastelum–Leyva appeals his jury trial conviction and sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court had jurisdiction pursuant to 18 U.S.C. § 3231; this court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

Gastelum–Leyva first asserts there was insufficient evidence to support a conviction on the gun charge, arguing the gun was merely present at the scene, was handled casually by the government's confidential informant, and was not actively

1. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

employed or an operative factor in relation to the drug offense. We find the government put on sufficient evidence to satisfy the "carry" element of § 924(c). As this was all that was necessary under the statute, we need not address Gastelum–Leyva's arguments regarding use.

The government presented videotaped and still images showing Gastelum–Leyva at the crime scene with a pistol visible in his waistband. As the Supreme Court has stated, "[n]o one doubts that one who bears arms on his person 'carries a weapon.'" *Muscarello v. United States,* 524 U.S. 125, 130, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998).

■ Gastelum–Leyva next asserts a violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) in the manner in which he was sentenced. He argues that where a determination of fact will result in the mandatory increase in the statutory minimum sentence, that factual determination must be made by the jury. This argument ignores our directly applicable case law to the contrary.

In *Apprendi,* the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed *statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (emphasis added). In *United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001), we rejected an *Apprendi* argument where the appellant sought to apply the holding to a sentence in excess of a *statutory minimum. Id.; see also United States v. Antonakeas,* 255 F.3d 714, 727 (9th Cir.2001) (*Apprendi* only applied where facts, not found by a jury, could increase the statutory maximum).

Here, there was a finding of quantity made by the jury beyond a reasonable doubt. The decision in *Apprendi* had been issued the day before Gastelum–Leyva's jury began to deliberate. The district court asked the jury to answer a special interrogatory designed to have them make a finding of quantity. At sentencing, the district court acknowledged that it was bound by the finding and could sentence Gastelum–Leyva to no more than the statutory maximum applicable to 501 grams of cocaine. As the district court recognized the correct statutory maximum, and sentenced Gastelum–Leyva to a term far less than that maximum, it is irrelevant under *Apprendi* that the sentence was in excess of the statutory minimum sentence.

■ Finally, Gastelum–Leyva argues that the district court's denial of a downward departure based on ineffective assistance of counsel was in error. As the district court's finding was a discretionary refusal to depart, and the district court recognized it had such discretion, its decision not to depart is not reviewable on appeal. *United States v. Davoudi,* 172 F.3d 1130, 1133 (9th Cir.1999).

AFFIRMED.