**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis Carlos MACIAS, Defendant–
Appellant.**

No. 00–10547.
D.C. No. CR–00–00019–HDM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Feb. 13, 2002.

Before POLITZ,* W. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM **

█ Luis Carlos Macias ("Macias") contends that the district court erred by denying his motion for new trial on the asserted ground of juror misconduct. The district court responded to Juror Wilson's first note immediately, and upon receiving Juror Wilson's second note, the district court brought Juror Wilson out for questioning in open court. Juror Wilson indicated that he "freely and voluntarily" reached his decision on Count 1 and was not pressured in any way in connection with that count. There is nothing in the record to contradict Juror Wilson's statements that he was not coerced into voting guilty on Count 1 and that he was healthy

enough to perform his duties as to that count. Accordingly, the district court did not abuse its discretion when it entered judgment on Count 1. *See United States v. Hanley,* 190 F.3d 1017, 1031 (9th Cir.1999) (articulating standard of review); *United States v. Armstrong,* 654 F.2d 1328, 1331–33 (9th Cir.1981) (affirming denial of motion for mistrial based on alleged juror misconduct).

█ Macias also urges this Court to reverse his conviction for prosecutorial misconduct. The inflammatory remarks during the prosecutor's closing argument were highly improper. "Prosecutors may not make comments calculated to arouse the passions or prejudices of the jury." *United States v. Leon–Reyes,* 177 F.3d 816, 822 (9th Cir.1999). Moreover, a prosecutor cannot "suggest the consequences of a particular verdict" or "point to a particular crisis in our society and ask the jury to make a statement." *Id.* at 823; *United States v. Koon,* 34 F.3d 1416, 1444 (9th Cir.1994), *rev'd on other grounds by* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Here, the Court finds the following portions of the prosecutor's closing statement to be particularly problematic:

> They're [ (defendant and his friend) ] distributing it in our community, and they're doing it for money. Greed. They're destroying lives because they want to have money. They spend their days at the Guadalajara Bar selling this stuff that you will not get back in the jury room. This is methamphetamine and cocaine, which of course is all crunched up from the lab. It is absolute poison. And that is what this is. It destroys lives. It destroys communities,

---

* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and it costs society just countless wasted lives.... And the fact and the harm that it does to this community, who cares? Certainly not him.

.... This is what he does. This is what he does for a living. And it destroys communities and it destroys lives, and it is time that we stand up as a community and say we're not going to put up with this. We have laws, but they need to be enforced. We are not going to let people come and sell this crap to our kids or to anybody.

These inflammatory statements were clearly intended to arouse the passions of the jury and persuade the jurors that they could help solve a pressing social problem by finding Macias guilty. Because there was no objection at trial to these comments we review for plain error. We affirm because the error did not affect Macias' substantial rights. There was substantial evidence of his guilt and the jury was instructed that the attorney's arguments were not evidence. *Koon,* 34 F.3d at 1445–46; *United States v. Williams,* 989 F.2d 1061, 1072 (9th Cir. 1993).

█ Similarly, we are troubled by the prosecutor vouching for Detective Pearson, but we conclude that the error was harmless. Defense counsel's objection was immediately sustained. The district court admonished the prosecutor and instructed the jury before closing arguments that counsels' arguments were not evidence and that the jury "may disbelieve all or any part of a witness' testimony." Thus, Detective Pearson's credibility was not prejudicially bolstered by the prosecutor's objected-to statement that Detective Pearson "did a very good job" or by the prosecutor's previous statements that defendant contends also constituted vouching.

█ Finally, Macias challenges his 10–year sentence on the ground that the district court found by a preponderance of the evidence that Macias was involved in eight drug transactions involving 92.3 grams of methamphetamine and 55.6 grams of cocaine and therefore subjected him to a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. The jury was never instructed that it had to find specific amounts of drugs to find Macias guilty. Accordingly, the jury found beyond a reasonable doubt that Macias joined a conspiracy to distribute only "a measurable amount" of cocaine and methamphetamine. *United States v. Antonakeas,* 255 F.3d 714 (9th Cir.2001). Therefore, the maximum sentence that Macias could receive was 20 years under 21 U.S.C. § 841(b)(1)(C). *Id.* Because the court's findings exposed Macias to a life sentence under 21 U.S.C. § 841(b)(1)(A), those findings violated *Apprendi. See id.* Nonetheless, Macias' substantial rights were not affected because his actual sentence did not exceed the statutory maximum supported by the jury's factual findings. *Id.* Moreover, *Apprendi* does not apply where a judge's findings expose a defendant to a mandatory minimum sentence. *See United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001). Therefore, the district court's error was not plain.

AFFIRMED.