**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dongerial Alexis SARAH,
Defendant–Appellant.**

No. 00–30342.
D.C. No. CR–00–00095–R.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Dongerial Alexis Sarah appeals his 346–month sentence imposed following conviction for armed bank robbery, in violation of 18 U.S.C. § 2113 and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Sarah contends that the district court erred, in light of the constitutional rule recognized in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it applied the seven year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(ii), because whether he "brandished" a weapon during the robbery was not found beyond a reasonable doubt at trial.

We need not decide whether "brandishing" must be submitted and proven at trial, because we conclude that *Apprendi* has no application here. Sarah concedes that he was subject to a maximum sentence of 360 months under the facts found by the jury. The record shows that the district court imposed a 346–month term of imprisonment. Because Sarah was sentenced below the statutory maximum, *Apprendi* does not apply. *See United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001).

Furthermore, even if we were to apply *Apprendi,* we would conclude that any error was harmless beyond a reasonable doubt given the uncontested testimony that the firearm was pointed at a security guard during the robbery. *See United States v. Velasco–Heredia,* 249 F.3d 963, 968 (9th Cir.2001) (stating that sentence imposed in violation of *Apprendi* stands

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

where error was harmless beyond a reasonable doubt); *United States v. Smith*, 282 F.3d 758, 771 (9th Cir.2002) (concluding that *Apprendi* error was harmless where district court's drug quantity decision at sentencing was supported beyond a reasonable doubt by uncontradicted evidence presented at trial).[1]

**AFFIRMED.**

---

[1] Sarah's June 12, 2001, pro se Motion to Take Judicial Notice was forwarded to counsel and denied on June 28, 2001. Accordingly, we decline to entertain Sarah's renewed pro se Motion for Judicial Notice.

