**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martine Chavez AGUILERA,
Defendant–Appellant.**

No. 00–10345.

D.C. No. CR 99–40003–01–DLJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided March 28, 2002.

Before KOZINSKI, RYMER, and SILVERMAN, Circuit Judges.

SUPPLEMENTAL MEMORANDUM *

By memorandum disposition dated December 28, 2001, we deferred resolution of Aguilera's claim that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) pending *en banc* resolution of *United States v. Buckland*, No. 99–30285. This court issued a decision in *Buckland* on January 18, 2002, reported at 277 F.3d 1173 (9th Cir.2002) (en banc), and we now turn to Aguilera's remaining arguments.

Aguilera first argues that 21 U.S.C. § 841 is facially unconstitutional. This argument was rejected in *Buckland*, 277 F.3d at 1178–83.

Aguilera next argues that his sentence under 21 U.S.C. § 841 is unconstitutional as applied. He claims that because the quantity of drugs for which he was convict-

ed was not submitted to the jury and proved beyond a reasonable doubt, he could only be sentenced under § 841(b)(1)(C), not § 841(b)(1)(A). However, the sentence actually imposed, twenty years, did not exceed the statutory maximum for the section under which Aguilera argues he *should* have been sentenced, § 841(b)(1)(C) (authorizing a maximum sentence of 30 years following a prior conviction for a felony drug offense). There was therefore no *Apprendi* violation. *See United States v. Romero*, 282 F.3d 683, 689–690 (9th Cir.2002).

Finally, Aguilera argues that because 21 U.S.C. § 841(b)(1)(A) contains a statutory minimum, while § 841(b)(1)(C) does not, his sentence violated *Apprendi*. This argument is foreclosed by *United States v. Garcia–Sanchez*, 238 F.3d 1200, 1201 (9th Cir.2001).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.