**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Natasha MARSHALL, Defendant–
Appellant.**

No. 01–10422.

D.C. No. CR–96–05207–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

Natasha Marshall appeals pro se the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for reduction of her 188–month sentence imposed following her jury trial conviction for conspiracy to distribute and possess with intent to distribute cocaine base, and aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review for abuse of discretion, *United States v. Townsend*, 98 F.3d 510, 512 (9th Cir. 1996) (per curiam), and we affirm.

Marshall contends that Amendment 591 entitles her to a sentence reduction. Because Amendment 591 by its terms does not apply to Marshall's sentence, the district court did not abuse its discretion. *See Townsend*, 98 F.3d at 513.

AFFIRMED.[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. To the extent that Marshall contends that her sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct.

2348, 147 L.Ed.2d 435 (2000), this contention is not properly before us. *See* § 3582(c)(2). Moreover, this contention is foreclosed by our precedent which holds that *Apprendi* is not implicated when the sentence does not exceed the statutory maximum. *See United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001).

