UNITED STATES of America,
Plaintiff—Appellee,

v.

Victor Manuel RUBIO–SALAZAR,
Defendant—Appellant.

No. 01–50194.

D.C. No. CR–00–02770–MLH.

United States Court of Appeals,
Ninth Circuit.

Resubmitted May 15, 2002.*

Decided May 21, 2002.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BEEZER, TASHIMA, and GRABER, Circuit Judges.

ORDER

This case is resubmitted for decision as of May 15, 2002.

MEMORANDUM **

Defendant Victor Manuel Rubio–Salazar appeals his conviction, after a jury trial, of importing marijuana (in violation of 21 U.S.C. §§ 952 and 960) and of possessing marijuana with the intent to distribute it (in violation of 21 U.S.C. § 841(a)(1)). He makes five arguments.

1. Defendant first claims that his own oral statements to Customs agents were admitted improperly as evidence of "other acts," Fed.R.Evid. 404(b). Defendant did not object to admission of the statements at trial, so we review for plain error. *See* Fed.R.Evid. 103(d); Fed.R.Crim.P. 52(b).

Defendant's own statements are party admissions, which are not hearsay and which generally are admissible under Federal Rule of Evidence 801(d)(2). *See United States v. Bibo–Rodriguez,* 922 F.2d 1398 (9th Cir.1991) (distinguishing "other acts" evidence from party admissions). Even if the statements are subject to analysis under Rule 404(b), there was no plain error. The evidence tended to prove Defendant's knowledge, intent, and opportunity.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. Next, Defendant argues that § 841 is facially unconstitutional. His argument is foreclosed by *United States v. Buckland*, 2002 WL 857751, at *10 (9th Cir. May 7, 2002) (en banc).

3. Defendant also argues that the indictment had to allege his knowledge of drug type and quantity. It did not. "A defendant charged with importing or possessing a drug is not required to know the type and amount of drug." *United States v. Carranza*, 289 F.3d 634, ——, 2002 WL 841175, *7 (9th Cir.2002).

4. The fourth issue is whether *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), required the question of drug quantity to be submitted to the jury. Because Defendant received a sentence of 24 months, which is less than the five-year maximum for an undetermined amount of marijuana, he is not entitled to relief. *United States v. Garcia-Sanchez*, 238 F.3d 1200, 1201 (9th Cir. 2001).

5. Finally, Defendant claims instructional error. We are not persuaded.

On Count One, the jury was instructed that it had to find beyond a reasonable doubt that (a) Defendant intentionally brought marijuana into the United States, and (b) he knew that it was marijuana or some other prohibited drug. Defendant argues that the second element allowed the jury to convict him even if the government proved that a different controlled substance was involved. He reads the instructions incorrectly. The first element required the government to prove that the substance *actually was* marijuana and that Defendant actually and intentionally imported the substance; the second element required the government to prove that Defendant knew that the substance was illegal—thus precluding a defense that he thought it was a different illegal drug (cocaine, for example) instead.

On Count Two, the district court instructed the jury that it could find Defendant guilty only if it found beyond a reasonable doubt that he knowingly possessed marijuana and possessed it with the intent to distribute it to another person. The nature of the drug was specified, and its amount was not an element of the charged crime for the reasons stated in Point 4, above.

AFFIRMED.