**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Lucas Guadalupe Leon REYES,**
**Defendant–Appellant.**

No. 00–50480.

D.C. No. CR 99–1216 NMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 6, 2002.*

Decided Aug. 9, 2002.

---

* The panel unanimously finds this case appropriate for decision without oral argument.

Before REINHARDT, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Lucas Guadalupe Leon Reyes appeals his convictions and sentence for conspiracy to possess with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). Reyes was sentenced to 85 months imprisonment, four years of supervised release, and a special assessment of $200. The facts and prior proceedings are known to the parties; they are not recited in our disposition, except as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Reyes' argument that the penalty provisions in the drug statute, 21 U.S.C. § 841(b), are facially unconstitutional in light of the constitutional rule recognized in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was recently rejected by this court. *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc). Accordingly, this argument is foreclosed.

Reyes' further argument that, if § 841 is unconstitutional, so also must be his 85–month guideline sentence, is similarly unavailing. Reyes argues that his sentence was somehow "driven by" the five-year mandatory minimum sentence in the allegedly unconstitutional statute. The Supreme Court recently held, however, that *Apprendi* did not render mandatory minimum sentences unconstitutional. *See*

** This disposition is not appropriate for publication and may not be cited to or by the

*Harris v. United States,* —— U.S. ——, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). Moreover, even if there were any *Apprendi* error in Reyes' sentence, the error would be harmless because the sentence is below the statutory maximum. *See United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001).

AFFIRMED.

courts of this circuit except as may be provided by NINTH CIR. R. 36–3.