Paul Lee SMITH, Petitioner–Appellant,

v.

Maggie MILLER–STOUT, Superintendent, Airway Heights Correction Center, Respondent–Appellee.

No. 01–36060.

D.C. No. CV–01–00023–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM**

Paul Lee Smith, a Washington state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition, challenging his 240–month sentence for second-degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Smith contends that his appellate counsel was ineffective because his challenge to the state court's statutory interpretation of a domestic violence sentencing enhancement was cursory. Upon review of the record, we reject this contention. Counsel adequately presented the issue to the Washington Court of Appeals, and it was rejected on the merits. Petitioner has failed to demonstrate either deficient performance or prejudice. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Smith also contends that his sentence violates the rules set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the sentencing factors used to enhance his sentence were neither charged in the indictment nor proved to the jury beyond a reasonable doubt. We conclude that *Apprendi* has no application to Smith's sentence because he received less than the statutory maximum of life for second-degree murder. *See United States v. Garcia–Sanchez*, 238 F.3d 1200, 1201 (9th Cir. 2001). Moreover, *Apprendi* does not apply retroactively to cases on initial collater-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). To the extend that Smith has requested telephonic oral argument, the request is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

al review. *See United States v. Sanchez–Cervantes,* 282 F.3d 664 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 48, —— L.Ed.2d ——, 2002 WL 31027857 (2002).[1]

AFFIRMED.

---

**1.** We do not reach the issues that are beyond the scope of the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

