UNITED STATES of America,
Plaintiff—Appellee,

v.

Ramon VALDEZ–GUTIERREZ,
Defendant—Appellant.

No. 02–10008.

D.C. No. CR–98–00415–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Dec. 9, 2002.

Before CANBY, GOULD and BERZON, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Ramon Valdez–Gutierrez ("Valdez") argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders unconstitutional the additional term of incarceration imposed upon him under 18 U.S.C. § 3583(e)(3) because the statute does not permit the question of whether he violated the term of his supervised release to be submitted to a jury and proved beyond a reasonable doubt.

Valdez was originally sentenced to 12 months incarceration and 3 years of supervised release for a violation of 8 U.S.C. § 1324(a)(2)(B)(iii). For violating the terms of his supervised release, Valdez was sentenced to an additional eight months of incarceration under 18 U.S.C. § 3583(e) and an additional two years of supervised release under 18 U.S.C. § 3583(h). Valdez's total sentence of 20 months imprisonment and five years of supervised release did not exceed the statutory maximums applicable to his crime: 10 years imprisonment and five years of supervised release as set forth in 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 3583(b), respectively. *Apprendi* has no application here. *Apprendi* established a rule proscribing determination of facts by a trial judge in sentencing enhancement leading to a term of imprisonment greater than the statutory *maximum*. In that context, a jury determination of facts was necessary. Here, the total sentence imposed was below or at applicable statutory maximums. We reject Valdez's *Apprendi* claim as unfounded, because, as we previously have held, *Apprendi* is not violated when the appellants total term of imprisonment and total term of supervised release are not greater than the statutory maximums. *See United States v. Sua*, 307 F.3d 1150, 1154 (9th Cir.2002); *United*

*States v. Garcia–Sanchez*, 238 F.3d 1200 (9th Cir.2001).

**AFFIRMED.**