**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl E. SMITH, Defendant-Appellant.**

**No. 03-5403.**

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2004.

Charles P. Wisdom, Jr., Kenneth R. Taylor, Asst. U.S. Attorney, Lexington, KY, for Plaintiff-Appellee.

Carl E. Smith, #05703-032, Ashland, KY, pro se.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

*ORDER*

Carl E. Smith, a pro se federal prisoner, appeals a district court order dismissing his 18 U.S.C. § 3582(c)(2) motion to modify his sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Smith of conspiring to possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and aiding and abetting the possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. At sentencing, Smith was held accountable for 673 grams of cocaine and 84 grams of cocaine base, which resulted in a guideline range of imprisonment of 151 to 199 months. However, due to a prior drug conviction, the statutory mandatory minimum was 240 months in prison. *See* 21 U.S.C. § 841(b)(1)(A). The district court sentenced Smith to the statutory minimum, and a panel of this court affirmed Smith's convictions and sentence on appeal. *See United States v. Smith,* No. 96–6609, 1997 WL 579159 (6th Cir. Sept. 17, 1997) (unpublished). Smith has previously challenged his sentence in an assortment of ways, including a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

In his motion to modify, Smith asserted that Sentencing Guidelines Amendment 591's requirement that he only be sentenced for the offense of conviction meant that he should be re-sentenced under 21 U.S.C. § 841(b)(1)(C) because the jury did not determine the amount of drugs attributable to him. Smith relied on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny to support this argument. Additionally, he argued that Amendment 591 dictated that the offense level for conspiracy should be determined pursuant to USSG § 2X1.1. The district court denied the motion, and this appeal followed. Smith moves for pauper status on appeal.

Upon review, we conclude that the district court did not abuse its discretion by denying Smith's § 3582(c) motion. *See United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir.1997).

A court may reduce a term of imprisonment pursuant to § 3582(c)(2) if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Dullen,* 15 F.3d 68, 69–70 (6th Cir.1994). Amendments to the guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under § 3582(c)(2) are listed at USSG § 1B1.10(c).

Amendment 591 was given retroactive effect under § 1B1.10 and became effective on November 1, 2001, after Smith was sentenced. The amendment modified USSG §§ 1B1.1(a), 1B1.2(a), and 2D1.2, as well as the Statutory Index's introductory commentary. The amendment resolved a circuit conflict concerning § 2D1.2 and also clarified that "the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited 'stipulation' exception set forth in § 1B1.2(a)." USSG App. C, p. 32 (Supp. 2000). Where the offense involved a conspiracy, the amendment directs the court to "refer to § 2X1.1 ... as well as the guideline referenced in the Statutory Index for the substantive offense." *Id.* at 30.

This amendment does not affect Smith's sentence. First, Smith's offense level was not enhanced pursuant to § 2D1.2. Second, review of the Presentence Investigation Report indicates that Smith was sentenced in accordance with the appropriate offense guidelines. His base offense level was properly determined pursuant to USSG § 2D1.1, as listed in the Statutory Index. Section 2X1.1 did not affect his offense

level because that guideline does not apply to conspiracies covered by § 2D1.1. *See* USSG § 2X1.1, comment. (n.1). Because the statutory minimum sentence exceeded Smith's guideline range, the statutory minimum became his guideline range pursuant to USSG § 5G1.1(b). Third, his *Apprendi* argument lacks merit. *Apprendi* does not affect guideline ranges, *see United States v. Garcia,* 252 F.3d 838, 843 (6th Cir.2001), and thus does not afford relief under § 3582. *See United States v. Marshall,* 32 Fed.Appx. 490, 491 n. 1 (9th Cir.2002) (unpublished); *United States v. McBride,* 283 F.3d 612, 615 (3d Cir.2002) (collecting cases).

Accordingly, Smith's motion for pauper status is granted for the limited purposes of this appeal, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.