UNITED STATES of America,
Plaintiff–Appellee,

v.

Jorge OCHOA, Defendant–Appellant.

No. 01–50324.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Filed Nov. 21, 2002.

Manuel U. Araujo, Riverside, CA, for the appellant.

Brian Hoffstadt, Assistant United States Attorney, Los Angeles, CA, for the appellee.

Before: HUG, BRUNETTI and O'SCANNLAIN, Circuit Judges.

BRUNETTI, Circuit Judge.

Appellant Jorge Ochoa pleaded guilty to a one count information charging him with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, Ochoa admitted to knowingly possessing and delivering to a co-conspirator three kilograms of cocaine. Ochoa filed an objection to the Guideline Presentence Report and Recommendation (hereinafter "PSR") prepared by the United States Probation Department, which alleged that under the United States Sentencing Guideline § 1B1.3, Ochoa should be held responsible for distributing 39 kilograms of cocaine. Ochoa did not request an evidentiary hearing, and the district court

sentenced him to 87 months imprisonment. Ochoa now argues that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), U.S.S.G. § 1B1.3 is facially unconstitutional, or that the district court's application of U.S.S.G. § 1B1.3 to his case was unconstitutional. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm Ochoa's sentence.

## I.

Between July and November, 2000, Ochoa and eleven others were under federal investigation for cocaine trafficking. Investigators intercepted telephone calls, conducted surveillance and seized drugs during this period, and eventually attributed six transactions totaling 39 kilograms of cocaine to Ochoa and his co-conspirators. On December 8, 2000, a criminal complaint was filed charging Ochoa and eleven co-defendants with conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. Pursuant to a pre-indictment plea agreement, on January 9, 2001, the United States Attorney filed an information charging Ochoa with one count of distributing more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), which carries a maximum sentence of 40 years. Ochoa pleaded guilty to the sole charge in the information on January 17, 2001, admitting to knowingly distributing approximately three kilograms of cocaine. When Ochoa pleaded guilty, the district court informed him that the charge carried a mandatory minimum of five years and a statutory maximum of forty years in prison.

The PSR calculated Ochoa's base offense level as 34 based on the quantity of cocaine involved. In making this determination, the probation officer considered not only the three kilograms that Ochoa pleaded guilty to distributing, but also 36 additional kilograms of cocaine that the government alleged Ochoa and his co-conspirators distributed as part of "the same course of conduct or common scheme or plan". *See* U.S.S.G. § 1B1.3(a)(2). United States Sentencing Guideline § 2D1.1(c)(3) requires a base offense level of 34 for an offense involving between 15 and 50 kilograms of cocaine. While Ochoa stipulated to the facts contained in the PSR, he objected to the increased base level offense, arguing that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), it would be unconstitutional for the district court to sentence him on the basis of uncharged, unconvicted conduct—distributing the additional 36 kilograms of cocaine—and that he could only be sentenced for distributing the three kilograms of cocaine listed in the guilty plea, which would result in a lower base offense level of 28. The district court rejected Ochoa's argument, holding that "[s]ince the sentence ... recommended by the probation officer do[es] not exceed the statutory maximum for this offense, the defendant is not entitled to any protection specified by *Apprendi.* Because the statutory maximum remains unaffected by the specific drug quantity which determines the defendant's base offense level, *Apprendi* has no application to this case." The court sentenced Ochoa to 87 months imprisonment, the low end of the applicable sentencing guideline range of 108–135 months for 39 kilograms of cocaine. Ochoa now appeals the sentence, arguing that the "relevant conduct" provision of the Sentencing Guidelines, U.S.S.G. § 1B1.3, is facially unconstitutional, and that the district court's sentence violated his right to Due Process and to a jury trial.

## II.

Ochoa contends that *Apprendi* renders U.S.S.G. § 1B1.3 unconstitutional

because it permits courts to impose a sentence based on drug quantity neither charged in the accusatory pleading, nor proven beyond a reasonable doubt. However, this challenge lacks merit. *See United States v. Buckland,* 289 F.3d 558, 564–66 (9th Cir.2002) (holding that 21 U.S.C. § 841(b) is not facially unconstitutional because implementation of its sentencing enhancement provisions that would exceed the statutory maximum may be submitted to the jury. "*Apprendi* compels us to submit to a jury questions of fact that may increase a defendant's exposure to penalties."). Pursuant to U.S.S.G. § 5G1.1(c), any application of § 1B1.3 may not exceed the statutory maximum for the underlying offense of conviction, and therefore does not violate *Apprendi. See* U.S.S.G. § 5G1.1(c) (stating that a "sentence may be imposed at any point within the applicable guideline range, provided that the sentence (1) is not greater than the statutorily authorized maximum sentence, . . ."); *see also Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). Ochoa pleaded guilty to distributing "more than 500 grams" of cocaine in violation of § 841(a)(1). It is unnecessary to submit the amount of drugs to a jury because the sentence did not exceed the statutory maximum.

Ochoa also contends that his sentence violates *Apprendi* because it was based on drug quantity not charged in the information and greater than the quantity to which he pleaded guilty. The information charged Ochoa under § 841(a)(1), with knowingly and intentionally distributing more than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance. When Ochoa pleaded guilty, the court informed him that the statutory maximum for the charge to which he pleaded was forty years in prison. The PSR, presented at Ochoa's sentencing hearing, included a section entitled The Offense Conduct, incorporated from the statement of facts in the plea agreement and stipulated to by the parties. The Offense Conduct section of the PSR outlined a series of transactions in which Ochoa distributed approximately 39 kilograms of cocaine between July 26, 2000 and November 17, 2000. The defendant objected to the use of the additional 36 kilograms of cocaine to increase his base offense level. Ochoa, however, did not object to the factual finding that he distributed the additional 36 kilograms of cocaine. He merely argues that unless a jury finds the facts beyond a reasonable doubt, the rule of *Apprendi* is violated.

Ochoa pleaded guilty to distributing 3 kilograms of cocaine—in excess of 500 grams as charged in the information—in violation of § 841(a)(1), which carries a maximum penalty of forty years in prison. U.S.S.G. § 1B1.3 authorizes adjustments to the base level offense for conduct that is part of the same course of conduct or common scheme or plan. *See United States v. Gamez,* 301 F.3d 1138 (9th Cir. 2002) (holding that an increased sentence for relevant conduct under U.S.S.G. 2D1.1(d)(1) for a murder committed by the defendant's co-conspirator was warranted because it did not exceed the statutory maximum for the crime for which the defendant was found guilty). Both at the sentencing hearing and at oral argument before this court, Ochoa stipulated to the fact that he participated in the distribution of the additional 36 kilograms of cocaine. Yet, Ochoa claims that consideration of the additional 36 kilograms of cocaine violates *Apprendi.*

Because Ochoa's 87–month sentence is substantially less than the 40–year statutory maximum for his offense of conviction, *Apprendi* is not implicated in this case. *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000) (concluding that the *Apprendi* doctrine is not implicated when the sentence enhancement did not result in a sentence that exceeded the statutory maximum for the underlying conviction); *see also United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001) (holding that the defendant's sentence did not violate the *Apprendi* doctrine since it was less than the statutory maximum for the offense).

### III.

United States Sentencing Guideline § 5G1.1(c) provides that sentencing courts may not apply sentence enhancement provisions such as § 1B1.3 so as to raise the defendant's sentence beyond the statutory maximum for the underlying offense. Therefore, § 1B1.3 is not unconstitutional under *Apprendi.* Furthermore, *Apprendi* does not apply to Ochoa's sentence because it did not exceed the statutory maximum for the crime to which he pleaded guilty. Accordingly, we affirm Ochoa's sentence.

**AFFIRMED.**