**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Alberto BANUELOS PEREZ,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

**v.**

**Jose De Jesus RODRIGUEZ–CASTIL-
LO, aka Jose DeJesus Rodriguez,
Defendant—Appellant.**

Nos. 01–30389, 01–30428.
D.C. No. CR–01–00019–OMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 6, 2003.

Before B. FLETCHER, KLEINFELD and McKEOWN, Circuit Judges.

MEMORANDUM *

■ Defendant–Appellant Alberto Banuelos Perez appeals his sentence of 57 months in prison for his conviction on one count of possession of heroin with intent to distribute under 21 U.S.C. § 841(a)(1). The judge found that he possessed over one kilogram of heroin. Perez claims that because the jury did not find that he possessed a specific amount of heroin, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), required that he be sentenced under § 841(b)(1)(C), for unspecified amounts of heroin, rather than under § 841(b)(1)(A), for amounts of heroin in excess of one kilogram. As Perez did not present this claim to the district court, we review for plain error. *United States v. Romero*, 282 F.3d 683, 689 (9th Cir.2002). We are foreclosed by precedent from accepting Perez's argument because his sentence is under the maximum for the crime for which he was convicted. *See United States v. Ochoa*, 311 F.3d 1133, 2002 WL 31608255, at *2 (9th Cir. Nov.21, 2002) ("It is unnecessary to submit the amount of drugs to the jury because the sentence did not exceed the statutory maximum.").

■ Defendant–Appellant Jose de Jesus Rodriguez–Castillo appeals his conviction on the same charge. Records of drug transactions were seized from an apartment where he was visiting his children and their mother, if not actually living there himself. He argues that this seizure followed a search exceeding the scope to which he had assented. He also argues that his Sixth Amendment right to counsel was violated in his interrogation by federal agents while he was being held in prison following arraignment. We affirm both of the district court's rulings.

We assume that the parties are familiar with the facts of the case. We will not review them here except as necessary to explicate our decision.

Rodriguez–Castillo signed a form consenting to a search of some objects in an apartment where, at the least, he was visiting his children and their mother. The District Court's findings on whether the scope of consent to a search has been exceeded are to be upheld unless clearly erroneous. *United States v. Perez*, 37 F.3d 510, 515 (9th Cir.1994). The parties dispute as to what precisely Rodriguez said, in Spanish, to the Spanish-speaking federal agent who obtained his consent to the search. Rodriguez asserts that he limited his consent to a search only of his luggage within the apartment. The federal agents say that he assented to a search of his "cosas," i.e. "things," which they interpreted to mean "personal effects," including but not limited to his luggage. This would justify their opening up areas such as the kitchen cupboard, where the drug record was found, to see whether they contained any of Rodriguez's personal effects. We have concerns regarding the clarity of Rodriguez's statement assenting to the search and its implication for the permissible scope of that search. But the district judge heard extensive testimony regarding the scope of the consent to the search. Although the evidence is ambiguous, his ruling was not clearly erroneous.

■ Rodriguez–Castillo claims also that his right to counsel attached when he was brought into state court for arraignment on December 21, 2000. Judge Todd, the state court judge, invoked the right en

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

masse on behalf of all defendants appearing for arraignment before him that day. However, Judge Todd noted that Rodriguez–Castillo had not yet been charged so that he was not arraigned that day. Rodriguez–Castillo argues that by dint of the mass invocation, he had invoked his right to counsel. He therefore could not be questioned without counsel by federal agents on the following day, while he was being detained pursuant only to a hold by the Immigration and Naturalization Service and the U.S. Marshals.

We need not address the question of whether Rodriguez–Castillo's right to counsel had attached by the time that he was questioned on December 22, because he never invoked that right. Rodriguez–Castillo himself, the judge assigned to arraign him, and the federal agents who questioned him all believed that he had not been charged with a crime on December 21. Under such conditions, for him to assert that the judge's general invocation of this right applied to him does not suffice. Rodriguez–Castillo knew that he still might be charged with a crime; he was so informed in court, but no one thought that he had been charged. He was properly given his Miranda warnings in Spanish on December 22. He could have invoked his right to counsel, or refused to answer questions altogether, then and there. But he did neither. Not having been invoked, his Sixth Amendment right to counsel was not violated. *See United States v. Harrison*, 213 F.3d 1206, 1209 (9th Cir.2000) (holding that the Sixth Amendment right to counsel must both attach and be invoked).

Rodriguez–Castillo also urges us to hold that any statements that he made to the agents must be suppressed at any new trial. Because he pleaded guilty before a trial took place, there is no record of what statements might be offered. This final claim is moot, as there will be no new trial. The judgment of the district court is

*AFFIRMED.*