**749**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Martin VAUTT–ROMERO,
Defendant—Appellant.

No. 01–10709.

D.C. No. CR–01–00155–EHC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2003.

Decided Jan. 29, 2003.

Before SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

### MEMORANDUM *

Martin Vautt–Romero ("Romero") appeals his drug conviction, alleging Rule 11(c) errors in his plea colloquy. Romero was charged with two counts of drug possession and one count of possession of a firearm by an illegal alien. The second drug count was dismissed pursuant to a plea agreement. Romero now argues that his conviction for the remaining drug count must be reversed because the district court (1) committed an *Apprendi* error when it failed to inform him that the government would have to prove beyond a reasonable doubt the quantity of drugs involved in the dismissed drug count which was used to enhance his sentence, and (2) omitted to inform him that he would be-

come ineligible for certain federal benefits because of the drug conviction. We affirm.

Because Romero did not object to the alleged errors below, this court will reverse a conviction only upon finding plain error affecting a defendant's "substantial rights." Fed.R.Crim.P. 52(b); *United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002); *United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir. 2002). The defendant has the burden to show that an error affected his substantial rights. *Vonn*, 122 S.Ct. at 1048.

■ No *Apprendi* error was committed by the district court when it considered the quantity of drugs involved in the dismissed drug count to enhance Romero's sentence. His sentence of 57 months clearly did not exceed the statutory maximum sentence applicable to his conviction under 21 U.S.C. § 841(b)(1)(C), which provides for a maximum sentence of 20 years. *See, e.g., United States v. Ochoa*, 311 F.3d 1133, 1136 (9th Cir.2002) (holding that *Apprendi* is not implicated where drug quantity led to increase in offense level but sentence was within statutory range).

■ As for the second error assigned, Romero has failed to show that his substantial rights were affected. He does not contend that the error was not minor or technical, or that he did not understand the rights at issue when he entered his guilty plea. *Cf. Minore*, 292 F.3d at 1119. Neither does Romero claim that his choices would have been different had he known of the loss of federal benefits. *Cf. United States v. Littlejohn*, 224 F.3d 960, 969 (9th Cir.2000).

Romero also appeals his sentence. Because he waived his right to appeal in his plea agreement, and received the benefit

---

of his bargain, the appeal from the sentence is dismissed. The judgment is

AFFIRMED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.