**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Maria REYES, Defendant—Appellant.**

**No. 02–35624.**
**D.C. No. CV–01–00032A–JMF,**
**CR–98–00172–JKS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2003.*

Decided Aug. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

928

Before PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Maria Reyes appeals from an order of the district court denying relief from her conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. In this collateral attack pursuant to 28 U.S.C. § 2255, Reyes seeks a new trial, alleging that the failure to submit the question of drug quantity to the jury was a clear error requiring reversal under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Reyes argues that the district court mistakenly imposed a mandatory minimum sentence, under 21 U.S.C. § 841(b)(1)(a), using drug quantities from counts in the indictment on which Reyes had been acquitted by the jury.

We need not decide whether Reyes' claim was procedurally defaulted because Reyes cannot prevail on the merits of the claim. *Apprendi* is not implicated unless the application of drug quantities that were not found beyond a reasonable doubt by the jury increases the sentence above the statutory maximum. *United States v. Ochoa*, 311 F.3d 1133, 1136 (9th Cir.2002); *United States v. Sanchez–Cervantes*, 282 F.3d 664, 669 (9th Cir.2002). Although she alleges that the conspiracy count in the indictment under which she was convicted contained no drug quantity, Reyes' sentence of 120 months and five years probation is below the twenty-year statutory maximum sentence for an unspecified quantity of cocaine under 21 U.S.C. § 841(b)(1)(C). *See Sanchez–Cervantes*, 282 F.3d at 669 ("If the jury convicted the defendant of a drug violation, even with no finding of a particular drug quantity, a sentence of twenty years or less would not violate *Apprendi.*").

Reyes nonetheless contends that *Apprendi* applies because the district court incorrectly imposed a minimum sentence based on quantities of cocaine from other counts. This argument is foreclosed by *Harris v. United States*, 536 U.S. 545, 565, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), in which the Supreme Court held that "the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt."

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.