**UNITED STATES of America, Plaintiff–Appellee–Cross– Appellant,**

v.

**Lamont Andre BROWN, Defendant– Appellant–Cross–Appellee.**

Nos. 01–30158, 01–30181.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Filed Oct. 28, 2003.

Sue Ellen Tatter, Assistant Federal Defender, Anchorage, AK, for the defendant-appellant-cross-appellee.

Stephan A. Collins, Assistant United States Attorney, Anchorage, AK, for the plaintiff-appellee-cross-appellant.

Before: PREGERSON, CANBY, and McKEOWN, Circuit Judges.

## OPINION

CANBY, Circuit Judge.

Defendant Lamont Andre Brown appeals his conviction and sentence on two counts of possessing with the intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). Brown contends that his conviction must be reversed because a government witness testified falsely to the grand jury, and because the trial judge quashed a subpoena and excluded evidence concerning the immigration status of the government's informant. Brown also contends that the district court erred in basing his sentence on possession of cocaine alleged in a count of which the jury found him not guilty. We reject these contentions and affirm these rulings of the district court.

The government cross-appeals the district court's refusal to consider an additional 34 grams of crack cocaine in determining Brown's sentencing range under the Sentencing Guidelines. We conclude that the government is correct, and we accordingly vacate Brown's sentence and remand for resentencing.

## Background

The government's case depended heavily on the testimony of Jose de la Torre, an informant whom the government had arrested for immigration violations in 1998. To avoid imprisonment for illegal reentry after having been deported for drug trafficking, de la Torre cooperated with the government in various undercover drug investigations. De la Torre's immigration status was unusual to say the least. At one point, government agents drove de la Torre hundreds of miles to the Canadian border so that he could walk out of the country and immediately re-enter, placing him in a new parole status to aid in his continued cooperation.

In 1999, de la Torre told federal agents that he thought he would be able to buy drugs from Lamont Brown, whom de la Torre knew because Brown had brought his car to de la Torre for repairs. Subsequently, in a telephone call recorded by the FBI, de la Torre arranged to meet Brown in the parking lot of a local cinema to purchase half an ounce of cocaine. Before de la Torre went to the parking lot, he was strip-searched by an FBI agent to ensure that he was not carrying any drugs. Upon arriving at the parking lot, de la Torre entered Brown's car and returned with several grams of crack cocaine. The incident was recorded on video by an FBI surveillance team.

About a week later, de la Torre made a second purchase from Brown under virtually identical circumstances. Many months later, Brown was arrested.

The government's only witness at Brown's grand jury proceeding was undercover agent Kevin Mitchell, who drove with de la Torre to make the two drug buys from Brown. Mitchell testified about both events, and stated that during the transactions de la Torre had been wired with a body transmitter and recorder, which was not true. The grand jury then indicted Brown on three counts, one for each of the two transactions and a third for twelve grams of cocaine discovered in Brown's car at the time of his arrest.

Upon reviewing the grand jury testimony, defense counsel alleged a discovery violation because no body-wire tape had been delivered to the defense. The district court held a hearing at which Mitchell testified that he had been mistaken when he testified that de la Torre had been

wired. The defense moved to dismiss the indictment, and the district court denied the motion.

At trial, Brown attempted to show that de la Torre's unusual immigration status led him to give false testimony and plant evidence in Brown's car. Brown sought to subpoena de la Torre's complete immigration file (the "A–File"), and to introduce the testimony of two experts to testify that de la Torre's treatment deviated substantially from the normal treatment of immigration offenders. The district court quashed the subpoena but ordered delivery of selected documents from Brown's A–File that were in the possession of the prosecution. The court also excluded the testimony of the two experts as tangential and confusing to the jury.

The jury convicted on the two counts arising from the arranged transactions, but acquitted on the third count for cocaine found in Brown's car at the time of his arrest. In calculating Brown's sentencing guideline range, the district court included the twelve grams for which the jury had acquitted Brown; the district court found by a preponderance of the evidence (and stated that it would have found under a "clear and convincing" standard) that Brown possessed the twelve grams. The district court declined to consider an additional 34 grams that the government urged on the basis of Brown's admissions that he had sold cocaine weekly for a long period. The district court held that it would not consider the 34 grams because, by causing the aggregate amount to exceed 50 grams, it would increase the maximum penalty to which Brown was subject, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Brown then appealed his conviction and sentence, and the government cross-appealed on the sentence alone.

### A. Brown's Appeal

#### 1. *Conviction*

■ We reject Brown's contention that false testimony before the grand jury requires reversal of Brown's conviction and dismissal of his indictment. Although the government concedes that Officer Mitchell, when testifying before the grand jury, falsely stated that government informant Jose de la Torre wore a body wire during the alleged drug transactions with Brown, that false testimony did not "substantially influence[ ] the grand jury's decision to indict." *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (internal quotation marks omitted). If that portion of the testimony is excised, Mitchell's remaining truthful testimony provided probable cause to support the indictment. Mitchell testified that he observed de la Torre being thoroughly strip-searched and thereafter entering Brown's car and returning with crack cocaine. *See United States v. Claiborne,* 765 F.2d 784, 791 (9th Cir.1985) ("if sufficient non-perjurious testimony exists to support the indictment, the courts will not dismiss the indictment due the presence of perjured testimony"). There is no evidence that Mitchell's misrepresentation was intentional, or that the prosecutor knew of the statement's falsity. *See United States v. Mohawk,* 20 F.3d 1480, 1483 n. 2 (9th Cir.1994).

■ We also reject Brown's contention that the district court's quashing of a defense subpoena and its refusal to allow the defense to call two proposed expert witnesses violated Brown's Sixth Amendment right to confront witnesses. Although de la Torre's unusual immigration status should have been made known to Brown earlier than it was, Brown's thorough cross-examination of de la Torre adequately illustrated to the jury both de la Torre's strong incentive to curry favor with the

government by providing information about drug dealers, and his opportunity to plant illicit evidence in Brown's automobile. De la Torre described his unusual re-entry at the Canadian border, and testified that he knew that the INS was letting him back in the country at their whim only so that he could continue informing for the government. He testified that, in addition to being subject to deportation, he believed that he could be imprisoned from six months to five years for his illegal re-entry violation. Brown's cross-examination, even without the benefit of de la Torre's complete A-File or the testimony of the two proposed experts, enabled the jury sufficiently to assess de la Torre's credibility in order to satisfy Brown's Sixth Amendment rights. *See United States v. James,* 139 F.3d 709, 714 (9th Cir.1998). The district court correctly viewed as confusing and only marginally relevant the proposed expert testimony concerning whether the Immigration and Naturalization Service was following its own regulations or practices in dealing with de la Torre. The district court correctly pointed out that the important consideration was the substantial penalties to which de la Torre thought he would be subjected if he did not cooperate, and that issue was thoroughly explored before the jury. *See id.*

### 2. Sentence

■ The district court was entitled to consider, for sentencing purposes under the Sentencing Guidelines, the twelve grams that the jury acquitted Brown of possessing. *United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). Consideration of the twelve grams did not violate the Supreme Court's decision in *Apprendi,* because Brown's overall sentence, even after inclusion of the twelve grams, remained below the statutory maximum sentence of 40 years. *See* 21 U.S.C. § 841(b)(1)(B); *United States v. Ochoa,*

311 F.3d 1133, 1136 (9th Cir.2002). Brown's argument that the statute under which he was sentenced, 21 U.S.C. § 841(b)(1)(B), is facially unconstitutional, is foreclosed by our decision in *United States v. Buckland,* 289 F.3d 558, 564–68 (9th Cir.2002) (en banc). We accordingly reject Brown's challenges to his sentence.

### B. The Government's Cross–Appeal

■ At sentencing, the district court refused to consider an additional 34 grams of crack cocaine in determining Brown's sentence because it concluded that doing so would violate *Apprendi.* Under the circumstances presented here, the district court's decision was erroneous.

Inclusion of the additional 34 grams for sentencing purposes would violate *Apprendi* only if it would expose Brown to a higher statutory maximum than that authorized by the jury's verdict. *See Apprendi,* 530 U.S. at 483, 120 S.Ct. 2348; *United States v. Velasco–Heredia,* 319 F.3d 1080, 1085–86 (9th Cir.2003). Here, the jury convicted Brown under 21 U.S.C. § 841(b)(1)(B), which carries a statutory minimum sentence of five years and a statutory maximum sentence of 40 years. Although the additional 34 grams of crack cocaine, if proven to a jury beyond a reasonable doubt, would have permitted the district court to sentence Brown under § 841(b)(1)(A), which carries a statutory range of ten years to life, the government did not request that the district court use the additional drug quantity for that purpose. The issue for the district court was merely whether to consider the additional 34 grams in establishing a guideline sentencing range that would remain well below the statutory maximum of 40 years that applied under the jury's findings. Consideration for that purpose would not violate *Apprendi.*

Our conclusion is not inconsistent with our recent decision in *United States v. Velasco–Heredia*, 319 F.3d at 1085–86. In *Velasco–Heredia*, the defendant was charged with conspiring to distribute an unspecified amount of marijuana, which subjected him to imprisonment from zero to five years. *See* 21 U.S.C. § 841(b)(1)(D). He was convicted on evidence that he had transported 17.59 kilograms of marijuana. At sentencing, the district court found that the defendant was responsible for an additional 269 kilograms. That amount produced a guideline range of 37 to 46 months. The district court increased the sentence, however, to 60 months because the additional amount subjected Brown to the provisions of § 841(b)(1)(B)(vii), which provided for a statutory minimum of five years and a maximum of 40 years. We held that the district court had erred in imposing the mandatory minimum of § 841(b)(1)(B)(vii). *See id.* at 1084–86. Although we recognized that the Supreme Court had held that imposition of a mandatory minimum ordinarily did not implicate *Apprendi, see Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), we concluded that the subjection of the defendant to an entirely different statutory sentencing range, with exposure to a higher maximum than that permitted by the trier of fact's finding, violated *Apprendi. Velasco–Heredia,* 319 F.3d at 1085. We accordingly held that it was improper to impose the minimum sentence of 60 months required by § 841(b)(1)(B)(vii). *See id.* at 1086–87.

The issue here is entirely different from that presented in *Velasco–Heredia.* The government's argument is not that the extra 34 grams should subject Brown to a different sentencing provision from that authorized by the jury's verdict. The government seeks only to have the extra 34 grams considered for the purpose of raising the guideline range to 151–188 months,

well within the 40–year statutory maximum sentence of § 841(b)(1)(B) permissible under the jury's verdict. Nothing in *Apprendi* prevents such consideration. In *Velasco–Heredia,* we did not express disapproval of the district court's consideration of the additional 269 kilograms in arriving at a guideline sentencing range of 37 to 46 months. We overturned only the district court's imposition of a 60–month sentence borrowed as a minimum from a statutory sentencing provision that could not be applicable under the facts alleged in the indictment and found by the trier of fact in convicting. *See id.* at 1086. No such borrowing is proposed in the present case. The statutory provision under which Brown is sentenced, § 841(b)(1)(B), remains the same; the extra 34 grams affect only the guideline range. Thus, neither *Velasco–Heredia* nor *Apprendi* precludes the district court from considering whether to include the additional 34 grams for purposes of raising Brown's sentencing range under the guidelines.

The district court accordingly erred in ruling that it was precluded as a matter of law from considering the additional 34 grams. The district court did not make a factual finding concerning that additional amount. Accordingly, we vacate the sentence and remand to the district court for resentencing, to include the court's determination whether the government has proved, by a preponderance of the evidence, that Brown possessed with the intent to distribute the additional 34 grams of crack cocaine. *See United States v. Gill,* 280 F.3d 923, 931 (9th Cir.2002) ("where ... the sentencing court must determine drug quantity for sentencing purposes, so long as the sentence imposed does not exceed the statutory maximum, the quantum of proof the judge should apply is a preponderance of the evidence").

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.