**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Elijah BUTLER, Defendant—**
**Appellant.**

No. 06–50213.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2007.*

Filed Oct. 23, 2007.

Becky S. Walker, Esq., Timothy J. Searight, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Adam Axelrad, Law Offices of Elijah Butler, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM **

Elijah Butler ("Butler") appeals from the district court's sentencing order for his conviction of possession of cocaine base with intent to distribute and conspiracy to do the same under 21 U.S.C. §§ 841 and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Butler argues that his sentence of 216 months was unreasonable, disagreeing with the court's application of the 18 U.S.C. § 3553(a) factors and asserting that the judge was required to go beyond these factors.

These arguments lack merit. "In determining whether a sentence is unreasonable, we are guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines." *United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.2006). The district court expressly considered each of the seven § 3553(a) factors, weighing evidence that was both favorable and unfavorable to Butler, including the impact of the drug operation on Butler's small community and Butler's failure to report for sentencing, as well as Butler's strong connection to his family and his rehabilitative efforts in prison. The court ultimately ordered a sentence that was six years below the Guidelines range and two years below the statutory maximum. That Butler's co-defendant, who pled guilty to the offense, received a lesser sentence does not create an unwarranted disparity, as "this result is consistent with the directive of *Booker* that sentencing courts are to consider how the sentencing factors apply to each defendant and determine whether an individualized sentence is warranted." *Id.*; *see also* 18 U.S.C. § 3553(a)(6).

The district judge "gave thoughtful attention to factors recognized in § 3553(a) and exercised sound discretion to ensure that the punishment fit the crime and the circumstances of the appellant[ ]." *United States v. Marcial–Santiago,* 447 F.3d 715, 719 (9th Cir.2006). We hold that Butler's 216 month sentence is reasonable.

Butler also argues that the court violated his Sixth Amendment right to a jury by

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

independently determining that (1) he was accountable for 195 grams of cocaine and (2) it was not improbable that the weapons found at the residence were connected with the instant offenses. We disagree.

Sentencing courts may take into account facts that are not determined by a jury. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465–66, 168 L.Ed.2d 203 (2007). It is unnecessary to submit either of these facts to the jury because, as Butler's sentence did not exceed the statutory maximum for his offense, "*Apprendi* is not implicated in this case." *United States v. Ochoa,* 311 F.3d 1133, 1136 (9th Cir.2002); *see also United States v. Okafor,* 285 F.3d 842, 847 (9th Cir.2002).

**AFFIRMED.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.