NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.14-50566 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04711-DMS-10 |
| v. | |
| JAMES LAWRENCE SNOWDEN, III, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted May 2, 2016
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges and WILKEN,** Senior District Judge.

James L. Snowden, III (Snowden) appeals his 188-month sentence following

a guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. §§

841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

affirm.

1.   Snowden argues that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve factual disputes regarding the presentence report (PSR).   "[T]o invoke the district court's Rule 32 fact-finding obligation, the defendant is required to make specific allegations of factual inaccuracy." *United States v. Petri*, 731 F.3d 833, 841 (9th Cir. 2013). Here, Snowden's vague denial of the truth of "at least a part of" paragraphs 7 through 20 of the PSR, without any further specificity, was not sufficient to trigger the district court's fact-finding obligations. These paragraphs of the PSR described approximately four years of drug trafficking activity – including facts relevant to the distribution of cocaine, methamphetamine, and Snowden's role in the conspiracy – along with conduct not considered by the district court at sentencing. Because Snowden did not specify which "part of" these paragraphs he believed to be untrue (let alone the specific nature of the purported inaccuracies), the district court did not err by relying on these portions of the PSR to impose the sentence. *See id.* at 841-42 ("A specific factual objection addresses a factual inaccuracy; it does not merely object to recommendations, opinions, or conclusions."); *see also United States v. Lindholm*, 24 F.3d 1078, 1085 n.7 (9th Cir. 1994).

2. Snowden argues that the district court erred in including methamphetamine as relevant conduct to increase his base offense level and add an importation enhancement when, in his plea agreement, he only admitted to distributing cocaine. However, the district court did not clearly err in finding otherwise. *See United States v. Staten*, 466 F.3d 708, 713 (9th Cir. 2006) (reviewing factual findings for clear error). Snowden admitted that, on his behalf, Gilbert Johnson imported two kilograms of cocaine into the United States on March 29, 2012. Snowden does not dispute that the same shipment also contained methamphetamine, or that his codefendant, Roberto Ochoa, admitted under oath that he and others, including Snowden, conspired to transport cocaine *as well as* methamphetamine. The district court did not clearly err in relying on all of these facts to hold Snowden responsible for the methamphetamine in the March 29, 2012 shipment by Johnson. *See United States v. Gadson*, 763 F.3d 1189, 1220 (9th Cir. 2014) (base level sentence for jointly undertaken criminal activity includes "all reasonably foreseeable acts and omissions of others in furtherance" of the activity).

3. The district court also did not clearly err by finding that Snowden was a manager in a drug trafficking conspiracy that involved more than five people, within the meaning of U.S.S.G. § 3B1.1(b). Snowden admitted that he entered into

3

an agreement with Jose Luis Iglesias, Hector Gonzalez, "and others" to purchase cocaine in San Diego. Snowden further admitted that Johnson, Tony Wakefield, and Craig McGruder were arrested in connection with cocaine shipped "on behalf of [Snowden]" or "being transported to [Snowden]." Separately, Ochoa admitted that he, Gonzalez, Rodolfo Robles, Snowden, "and others" agreed to distribute methamphetamine and cocaine, and that Ochoa "joined the Conspiracy with the intent to assist in the distribution of the methamphetamine and cocaine by loading vehicles utilized to transport the narcotics being sent to James Snowden[.]" These admissions support the inference that Snowden supervised multiple individuals criminally responsible for the offense, and that the criminal activity involved at least five participants. *See United States v. Riley*, 335 F.3d 919, 929 (9th Cir. 2003); *Gadson*, 763 F.3d at 1222.

4. Finally, because Snowden admitted to conduct that triggered the 10-year mandatory minimum and the lifetime maximum, *see* 21 U.S.C. §§ 841(b) and 846, the fact that the district court made drug quantity findings in its calculation of Snowden's base level offense did not violate the Sixth Amendment. *See, e.g.*, *United States v. Ochoa*, 311 F.3d 1133, 1134-35 (9th Cir. 2002); *United States v. Garcia-Sanchez*, 238 F.3d 1200, 1201 (9th Cir. 2001). Nor did the district court's

4

reliance on Ochoa's plea agreement violate the Confrontation Clause: "[H]earsay is admissible at sentencing, so long as it is 'accompanied by some minimal indicia of reliability.'" *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006) (citation omitted); *see also United States v. Ingham*, 486 F.3d 1068, 1076 (9th Cir. 2007) (use of hearsay statements by confidential source in preparing PSR did not violate Confrontation Clause).

**AFFIRMED.**