NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50061 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00722-TJH-3 |
| v. | |
| DARYLE LAMONT SELLERS, | MEMORANDUM* and ORDER |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted March 8, 2018
Pasadena, California

Before: GRABER** and NGUYEN, Circuit Judges, and SIMON,*** District Judge.

Daryle Lamont Sellers appeals the district court's denial of his motion to

dismiss the indictment for outrageous government conduct. Following a jury trial,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* Judge Graber was drawn by lot to replace Judge Reinhardt. Ninth Circuit General Order 3.2.h. She has read the briefs, reviewed the record, and listened to the tape of oral argument held on March 8, 2018.

\*\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Sellers was convicted of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.     We have previously upheld a stash house reverse-sting operation as not rising to the level of outrageous government conduct. *United States v. Black*, 733 F.3d 294, 304–10 (9th Cir. 2013). The facts of this case are not materially distinguishable from those in *Black*.

2.     The remaining arguments presented by Sellers lack merit.[1] First, the district court was permitted to make a finding regarding drug quantity in order to calculate the guidelines sentencing range. *See United States v. Brown*, 347 F.3d 1095, 1100 (9th Cir. 2003). Second, *Johnson v. United States*, 135 S. Ct. 2551 (2015), is inapplicable because the jury acquitted Sellers of the 18 U.S.C. § 924(c) charge and the district court did not apply a mandatory minimum at sentencing. Finally, the district court did not err by considering evidence that the conspiracy involved the use of firearms at sentencing. *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam).

---

[1] Sellers's unopposed motion for permission to file a pro se supplemental brief (docket entry no. 28) is GRANTED, and thus we also consider the arguments asserted in that brief.

3.      We address Sellers' challenge to the denial of discovery on his selective enforcement claim in a separate, concurrently filed opinion.

The claims addressed in this disposition are

**AFFIRMED.**