**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MARCHELLO DSAUN McCAIN,<br><br>Defendant-Appellant. | No. 18-50013<br><br>D.C. No. 3:15-cr-00174-W-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted April 12, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and ENGLAND,** District Judge.

Marchello McCain appeals his sentence after pleading guilty to charges of

being a felon in possession of a firearm, being a violent felon in possession of body

armor, and making false statements in a terrorism investigation. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

1. McCain repeatedly contends that United States Sentencing Guideline Section 3A1.4's terrorism enhancement does not apply because he lied not to promote terrorism, but rather to protect his wife and to avoid maligning his dead brother. But an offense involving "obstructing an investigation of a federal crime of terrorism" is "considered to have involved, or to have been intended to promote," that crime. U.S.S.G. § 3A1.4, cmt. n. 2. The district court's finding that McCain lied "to prevent the government from finding out about the offenses themselves, and more importantly, the scope of the offenses," was not clear error. Nor was its finding that McCain's statements both frustrated and delayed the investigation. The district court did not abuse its discretion in concluding that the terrorism enhancement applied to the facts here.

2. McCain's argument that applying the enhancement violated his rights under *Apprendi* fails because *Apprendi* is only implicated where a court imposes a sentence above the statutory maximum. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Ochoa*, 311 F.3d 1133, 1136 (9th Cir. 2002); *United States v. Garcia-Sanchez*, 238 F.3d 1200, 1201 (9th Cir. 2001). Here, the court sentenced McCain to the statutory maximum for each count. McCain cites no case where a court found *Apprendi* error in a sentence below or at the statutory maximum.

3.      Similarly, McCain's argument that the district court "g[ave] no effect to" and "ignore[d]" the eight-year statutory maximum for the false statement count falls short: the district court sentenced McCain to that statutory maximum.  Nor is McCain correct that the court "borrow[ed] statutory maxima from unrelated groups of offenses."  Since the sentence imposed on the count with the highest statutory maximum (the felon in possession charge's 120 months) was adequate to achieve the total punishment, the court correctly set the other sentences (including the false statement charge's 96-month statutory maximum) to run concurrently.  *See* U.S.S.G. § 5G1.2(c).  Although the statutory maximum on the felon in possession count was higher than the statutory maximum for the false statement count, that does not mean the district court "ignored" the latter or failed to properly apply U.S.S.G. § 5G1.1, as McCain argues.

**AFFIRMED.**